# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
November 27, 2001 Session

## STATE OF TENNESSEE v. CHRISTOPHER TYCE HAMBLIN

### Direct Appeal from the Criminal Court for Campbell County
#### No. 10,277    E. Shayne Sexton, Judge

---

### No. E2000-02804-CCA-R3-CD
### March 27, 2002

---

The defendant pled guilty to aggravated assault and was sentenced as a multiple Range II offender. He appeals his sentence of nine years and requests an alternative sentence of probation or community corrections. Based upon our review, we conclude that the trial court misapplied enhancement factor (11) and failed to consider two relevant mitigating factors. Furthermore, the trial court did not make findings as to how the enhancement factors were weighed to determine the appropriate sentence. We conclude, however, that the trial court's sentence of nine (9) years is appropriate based upon the defendant's lengthy history of criminal behavior. Furthermore, the defendant is not entitled to an alternative sentence because the length of his sentence exceeds eight years.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

John Everett Williams, J., delivered the opinion of the court, in which Joseph M. Tipton and Alan E. Glenn, JJ., joined.

Steve F. McEwen, Mountain City, Tennessee (on appeal); Martha J. Yoakum, District Public Defender (at trial and on appeal); and Charles A. Herman, Assistant Public Defender (at trial and on appeal), for the appellant, Christopher Tyce Hamblin.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William Paul Phillips, District Attorney General; and William Todd Longmire, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Christopher Tyce Hamblin, pled guilty to aggravated assault as a Range II offender. After a sentencing hearing, the trial court sentenced the defendant to nine (9) years, three years above the minimum in the applicable range. Because the sentence imposed was greater than eight (8) years, the trial court denied the defendant's request for alternative sentencing and ordered the sentence to be served in the Tennessee Department of Correction.

The defendant filed a timely notice of appeal challenging the length of his sentence and the manner of service ordered.

## BACKGROUND

The defendant was initially charged with the aggravated assault and especially aggravated kidnapping of Heidi Wilson, his former girlfriend. The kidnapping charge was dismissed, and the defendant pled guilty to aggravated assault as a Range II offender. The only reference to any factual background in this case is found in the affidavit of complaint or arrest warrant, which is contained in the technical record. According to the arrest warrant,

> the victim was inside a vehicle when the defendant forcibly took her out of the vehicle by her hair and began beating the victim and also biting the victim. The defendant then forced the victim into his vehicle and took her to Claiborne [County] where he raped her. Then the defendant took the victim to Middlesboro [Kentucky] and then back to the defendant's house where she managed to escape. The victim received serious bodily injury. . . . The especially aggravated kidnapping and aggravated assault occurred in Campbell [County,] Tennessee.

The victim did not testify at the sentencing hearing. The defendant testified that the victim, who was quite a bit younger than the defendant, had been his girlfriend for two or three years at the time of the assault. At the time of the hearing, they were no longer dating but had a three-year-old daughter. The defendant has no contact with his daughter. The defendant expressed remorse for his crime and indicated that he did not intend to have any contact with the victim in the future. He testified that he had not contacted her since the assault but that she had visited his residence on several occasions and asked him for money and cigarettes. The defendant admitted that he was using cocaine when he committed the assault. However, he voluntarily entered and successfully completed a drug treatment program prior to the sentencing hearing. He further testified that he has not used drugs since his release from the drug treatment program. The defendant continues to drink alcohol but has recently reduced his alcohol consumption from six beers a day to "a little bit on the weekends" due to his work schedule.

The defendant's father, Tyce Hamblin, testified at the sentencing hearing after the judge pronounced the sentence. Mr. Hamblin was apparently upset with the sentence and asked the court for permission to testify. Mr. Hamblin testified that the victim became involved with the defendant after she came to live with Mr. Hamblin and his wife. Mr. Hamblin stated that the victim's mother threw the victim on him and his wife. He stated that the victim's mother believed he had money and tried to use her daughter as leverage to get money from him and his wife. He said that the victim or her mother came "up with all these rape charges and stuff, but they [sic] wasn't none of it true." He explained that the victim had been to their home four or five times since the instant charges were filed asking for money. On one occasion, the victim allegedly offered to marry the defendant if Mr. Hamblin would give her two thousand dollars and a trailer. Finally, Mr. Hamblin described an altercation between the victim and the defendant during which the victim allegedly "tried to whip [the defendant] and scratch his

eyeballs out."


# ANALYSIS

The defendant alleges that his sentence of nine (9) years is excessive and should be reduced. He further asserts that if the sentence is reduced to eight (8) years or less that he should be given an alternate sentence of probation or community corrections.

## A. Length of Sentence

The defendant was ordered to serve nine (9) years in the Tennessee Department of Correction. The trial court increased the defendant's sentence based upon the application of two enhancement factors. Specifically, the trial court applied factor (1) because the defendant had prior criminal activity above that required to establish the applicable range and factor (11) because there was "bodily injury on this particular felony and [he had] a previous conviction for a felony involving bodily injury." Tenn. Code Ann. §§ 40-35-114 (1), (11). In addition, the trial court found that the defendant's employment would afford him "some credit" in mitigation.

The defendant alleges that the length of his sentence is excessive. Specifically, he asserts that the trial court misapplied enhancement factor (11) and failed to apply two relevant mitigating factors. This Court conducts a de novo review of the length, range, or manner of service of a sentence. Tenn. Code Ann. § 40-35-401(d) (1997). Additionally, the defendant bears the burden of demonstrating the impropriety of his sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, this Court will accord the trial court's determinations a presumption of correctness if the record reveals that the trial court correctly considered sentencing principles and all relevant facts and circumstances. Tenn. Code Ann. § 40-35-401(d); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the accused in his own behalf; and (7) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; Ashby, 823 S.W.2d at 168.

In the instant case, the trial court sentenced the defendant to nine (9) years. The applicable sentence range for the defendant, as a Range II offender convicted of a Class C felony, was six (6) to ten (10) years. Tenn. Code Ann. § 40-35-112(b)(3). In calculating the sentence for a Class C felony conviction, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). The trial court should enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). Furthermore, this Court has held that "[n]o particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court" as long as the trial court complies with the purposes and principles of the sentencing act

and its findings are supported by the record. State v. Carter, 986 S.W.2d 596, 598 (Tenn. Crim. App. 1998). In this respect, to provide for meaningful review on appeal,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994) (citing Tenn. Code Ann.§ 40-35-210(f)).

In the instant case, the trial court applied enhancement factors (1) and (11) to enhance the defendant's sentence from the minimum sentence of six (6) years to nine (9) years. The defendant does not contest the application of enhancement factor (1), that he has a history of criminal convictions or behavior beyond that necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1). However, the defendant alleges that the trial court erred by applying factor (11), that the offense "resulted in death or bodily injury or involved the threat of death or bodily injury to another person and the defendant has previously been convicted of a felony that resulted in death or bodily injury." Tenn. Code Ann. § 40-35-114(11). We agree that the trial court misapplied this enhancement factor.

Although the defendant's conduct in the present case resulted in bodily injury to another person, i.e., the victim, the state failed to establish that the defendant has been previously convicted of a felony that resulted in death or bodily injury. The state presented no evidence at the sentencing hearing but instead chose to rely on the presentence report to establish the applicable enhancement factors. Furthermore, the presentence report only indicates that the defendant has a previous felony conviction for aggravated assault. While we acknowledge that bodily injury can be an element of aggravated assault, it is not necessarily an element. For example, Tennessee Code Annotated section 39-13-102(a)(1)(B) defines aggravated assault as intentionally or knowingly causing another to fear imminent bodily injury by the use or display of a deadly weapon. Therefore, an aggravated assault may or may not result in bodily injury, and without proof to establish that the defendant's prior aggravated assault resulted in bodily injury, the trial court erred by applying this enhancement factor.

Next, the defendant argues that the trial court should have found two additional mitigating factors. Specifically, the defendant claims that the trial court should have given weight to the defendant's expression of remorse and his voluntary entrance into and successful completion of an inpatient drug treatment program. In its findings, the trial court addressed whether the defendant's employment and efforts to pay child support were mitigating factors. With respect to the defendant having a job at the time of the hearing, the trial judge stated that he would give the defendant "some credit for working" but was "not impressed that [the defendant would] keep [his] job," because his work history evidences very short terms of employment. Additionally, the trial court found that the defendant should not receive any credit for paying child support because "that's what you're supposed to do." However, because the trial court made no mention of the defendant's drug treatment or expression of remorse in its findings, we must presume that the trial court did not consider those issues in its analysis of the applicable

mitigating factors.

Based upon the record, we conclude that the defendant was entitled to consideration of his remorse as a mitigating factor. This Court has previously held that "genuine, sincere remorse is a proper mitigating factor." State v. Williamson, 919 S.W.2d 69, 83 (Tenn. Crim. App. 1995). Although the finding of the presence or absence of remorse is best left for the trial court to determine, a reviewing court may consider the defendant's "conduct and statements immediately following the unlawful act, any underlying motivation for the expression of remorse and the [defendant's] statements at the sentencing hearing." State v. Eidson, No. M2000-02390-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 650, at *24 (Tenn. Crim. App., at Nashville, Aug. 16, 2001). In the instant case, the defendant accepted responsibility for his actions by pleading guilty to the offense. He also offered the following statement in the "Defendant's Version" portion of the presentence report:

> I just want to say that I am very sorry and feel a lot of regret for the pain and trouble that I have caused not only myself, but for everyone who I have done any wrong too, encluding [sic] my family.
> If I could go back and change the things I did in the past I would, but I know I can't. So I hope everyone will someday realize that I am truly sorry and I hop [sic] thay [sic] will forgive me.

The defendant also expressed remorse for his actions during his testimony at the sentencing hearing. There is sufficient evidence that the defendant expressed general remorse for his actions, and therefore, is entitled to minimal consideration of his remorse as a mitigating factor.

The defendant also argues that because he "was abusing drugs when this offense was committed" he deserves "much credit" for voluntarily entering a drug treatment program after this incident. Because the defendant alleges that he was under the influence of drugs at the time the offense was committed, he should receive some recognition for his voluntary entry into and successful completion of an inpatient drug treatment program. In addition to completing the drug treatment program, the defendant testified that he has not used drugs since his release from the program and due to his work schedule rarely consumes alcohol. Accordingly, we would afford the defendant some credit in mitigation for his self-initiated drug treatment.

Tennessee Code Annotated section 40-35-210(b) sets forth the evidence to be considered by the sentencing court to determine the appropriate sentence. This Court uses those same factors in conducting our de novo review of the defendant's sentence. We note that the defendant has failed to include a record of the guilty plea hearing. However, any evidence presented at the hearing should be considered in determining the appropriate sentence. Tenn. Code Ann. § 40-35-210(b)(1). Therefore, without a record of the proceeding, we are unable to conduct a complete de novo review of the defendant's sentence. It is the defendant's duty to prepare an adequate record for review on appeal. Tenn. R. App. P. 24(b).

We conclude that, while the record supports the trial court's consideration of enhancement factor (1), the defendant's prior criminal history, the record preponderates against the trial court's application of enhancement factor (11). In addition, the trial court should have

considered the defendant's remorse and voluntary entry into and completion of an inpatient drug treatment program in mitigation   Although we have considered the defendant's remorse and voluntary completion of a drug treatment program in addition to the mitigating factor found by the trial court, we conclude that enhancement factor (1) weighs heavily against the defendant because of his lengthy history of criminal behavior and is sufficient alone to justify a nine-year sentence.

We note that the defendant also raises the issue of whether he should have received an alternative sentence. The nine-year sentence, ordered by the trial court, rendered the defendant statutorily ineligible for probation. Tenn. Code Ann. § 40-35-303(a).  Further, the defendant's conviction for aggravated assault prevents him from receiving an alternative sentence of community corrections.  Because we have upheld the imposition of the nine-year sentence, this issue is without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE